# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

<div style="float:left">

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE
</div>

<div style="float:right">

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812
</div>

February 4, 2015

LETTER TO COUNSEL

RE:     *Sandra A. Forrest v. Commissioner, Social Security Administration*;
        Civil No. SAG-14-1319

Dear Counsel:

On April 18, 2014, Plaintiff Sandra A. Forrest petitioned this Court to review the Social Security Administration's final decision to deny her claims for Disability Insurance Benefits and Supplemental Security Income. (ECF No. 1). I have considered the parties' cross-motions for summary judgment. (ECF Nos. 14, 16). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2014). This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will grant the Commisioner's motion and deny Ms. Forrest's motion. This letter explains my rationale.

Ms. Forrest protectively filed claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") on August 17, 2010. (Tr. 98-99, 210-21). She alleged a disability onset date of April 11, 2010. (Tr. 210, 217). Her claims were denied initially and on reconsideration. (Tr. 130-35, 138-43). A hearing was held on January 29, 2013, before an Administrative Law Judge ("ALJ"). (Tr. 40-74). Following the hearing, the ALJ determined that Ms. Forrest was not disabled within the meaning of the Social Security Act during the relevant time frame. (Tr. 18-33). The Appeals Council denied Ms. Forrest's request for review, (Tr. 1-5), so the ALJ's decision constitutes the final, reviewable decision of the agency.

The ALJ found that Ms. Forrest suffered from the severe impairments of osteoarthritis, asthma, hypertension, lumbosacral neuritis, cervicalgia, depression, anxiety, sleep apnea, and obesity. (Tr. 23). Despite these impairments, the ALJ determined that Ms. Forrest retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except she can only occasionally climb ladders, ropes, or scaffolds, stoop, and crawl, and frequently climb ramps and stairs, balance, kneel, and crouch. She should avoid concentrated exposure to extremes of heat and cold, humidity, fumes, odors, dusts, gases, poor ventilation, and workplace hazards. She is limited to simple, routine work, and cannot perform work at a production pace as you would find on

an assembly line or in piecework.  She should have no more than occasional and superficial interaction with co-workers and the public.

(Tr. 26).  After considering the testimony of a vocational expert ("VE"), the ALJ determined that Ms. Forrest could perform jobs existing in significant numbers in the national economy and that, therefore, she was not disabled.  (Tr. 32-33).

Ms. Forrest raises numerous arguments on appeal, the majority of which are boilerplate assertions that the ALJ's opinion was insufficient, with no factual support and minimal legal analysis.  Ms. Forrest has also failed to explain how the majority of the ALJ's alleged errors prejudiced her claims.  To the extent that Ms. Forrest has provided factual and legal support and has asserted that the alleged errors prejudiced her claims, her arguments are addressed below.

First, Ms. Forrest argues that the ALJ erred at step two, by finding that her degenerative joint disease in both knees and her carpel tunnel syndrome are non-severe impairments, and at step four, by failing to include limitations from those impairments in the hypothetical he posed to the VE.  Step two is a threshold determination of whether a claimant is suffering from a severe impairment or combination of impairments.  *See Bowen v. Yuckert*, 482 U.S. 137, 147-48 (1987) (upholding the severity threshold because, "if a claimant is unable to show that he has a medically severe impairment . . . there is no reason for the Secretary to consider the claimant's age, education, and work experience").  If a claimant is not suffering from any severe impairment(s), she is not disabled.  20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).  If a claimant is found to be suffering from a severe impairment(s), the analysis simply proceeds to the next step.  *Id.*  At step four, the ALJ is required to consider all of a claimant's impairments – both severe and non-severe – in determining her capacity to engage in basic work activities.  20 C.F.R. §§ 404.1545(a)(2), 416.945(a)(2).  In this case, at step two, the ALJ determined that Ms. Forrest suffered from several severe impairments, and moved on to steps three and four of the sequential evaluation.  (Tr. 23).  Moreover, at step four, the ALJ discussed both Ms. Forrest's knee pain and her carpel tunnel syndrome, before concluding that she was capable of light work subject to additional exertional and non-exertional limitations.  (Tr. 29).  Thus, any error in not characterizing her degenerative joint disease in both knees and carpel tunnel syndrome as severe was harmless.  Although Ms. Forrest cites to medical evidence in support of her argument, she has not explained how that evidence indicates that her impairments were severe or how it supports greater limitations than those included in the ALJ's RFC assessment.  *See Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012) (citing *Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir. 1992) (explaining that the claimant bears the burden of proof at the first four steps of the sequential evaluation)).  I find that the ALJ provided substantial evidence in support of his evaluation of the limitations resulting from Ms. Forrest's non-severe impairments.

Next, Ms. Forrest claims that the ALJ erred by failing to discuss how her complaints of pain and fatigue affected her RFC.  Pl. Mem. 6-7.  This argument, however, essentially takes issue with the ALJ's determination that Ms. Forrest's subjective complaints about her symptoms were not entirely credible, a claim that Ms. Forrest reiterates in her fourth argument.  Ms. Forrest claims that "[t]he medical records proved the underlying impairments that could cause the

*Sandra A. Forrest v. Commissioner, Social Security Administration*
Civil No. SAG-14-1319
February 4, 2015
Page 3

symptoms" she claimed she suffered from.  Pl. Mem. 7-8.  However, the ALJ plainly agreed that her impairments could reasonably be expected to cause her alleged symptoms, but nevertheless he did not find her statements concerning the intensity, persistence, and limiting effects of those symptoms to be entirely credible.  In support of his determination and in accordance with Social Security regulations, the ALJ cited to inconsistencies between Ms. Forrest's complaints and (1) her reports of her symptoms to treating sources, (2) the routine and conservative course of medical treatment, and (3) her activities of daily living.  *See* 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3) (setting forth factors relevant to the ALJ's credibility analysis).  Ms. Forrest has not cited any evidence undermining the ALJ's analysis of her credibility, and I thus find that the ALJ provided substantial evidence in support of his credibility evaluation.

Ms. Forrest also argues that the ALJ should have ordered a pulmonary function test, citing to the record for examples of her "severe breathing problems."  Pl. Mem. 7.  Ms. Forrest has cited no legal authority in support of her proposition that the ALJ should have ordered the test, nor has she explained how the ALJ's failure to do so prejudiced her claim.  Notably, Ms. Forrest bore the burden of providing medical evidence to establish the limitations caused by her impairments.  *Hunter*, 993 F.2d at 35.  Moreover, although the ALJ has a duty to develop adequately the record on all relevant facts and issues before making a final decision, the standard for ordering consultative examinations – which can include diagnostic and laboratory tests – is when "the evidence as a whole, both medical and non-medical, is not sufficient to support a decision on [the] claim." *Kellihan v. Shalala*, 30 F.3d 129 (4th Cir. 1994) (citing *Cook v. Heckler*, 783 F.2d 1168, 1173 (4th Cir.1986)).  There is simply no indication that the evidence was insufficient to support a decision on Ms. Forrest's claim.  Indeed, her argument is undermined by the very examples of her severe breathing problems to which she cited.  The ALJ had ample evidence of her medical condition, permitting him to assess Ms. Forrest's claim.

Ms. Forrest claims that the ALJ did not give sufficient weight to the opinions of her treating physicians, contending that the ALJ picked and chose from medical reports to find language to deny benefits.  Once again, Ms. Forrest has not specified which evidence the ALJ erred in evaluating, how the ALJ's evaluation was insufficient, or how the ALJ's alleged error prejudiced her claim.  After reviewing the record and the ALJ's evaluation of the medical evidence, I find that this claim is without merit.

Finally, Ms. Forrest claims that the hypothetical posed by the ALJ to the VE was improper because it did not include all of her symptoms.  However, Ms. Forrest has not specified any limitations that were erroneously omitted from the hypothetical, nor has she cited any support from the record supporting any additional limitations.  The ALJ is afforded "great latitude in posing hypothetical questions," *Koonce v. Apfel*, No. 98-1144, 1999 WL 7864, at *5 (4th Cir. Jan. 11, 1999), and need only pose those that are based on substantial evidence and accurately reflect a claimant's limitations.  The transcript of the hearing indicates that this claim is unsubstantiated.  Each of the mental and physical limitations that the ALJ deemed credible in his RFC assessment was included in the hypothetical the ALJ posed to the VE.  Moreover, the hypothetical posed to the VE contained greater limitations than those set forth in the ALJ's RFC assessment, including a sit/stand option and a limited ability to push and pull with the left arm.

*Sandra A. Forrest v. Commissioner, Social Security Administration*
Civil No. SAG-14-1319
February 4, 2015
Page 4

*Compare* (Tr. 26), *with* (Tr. 132-35).  Accordingly, I find that the ALJ's decision to rely on the testimony of the VE was in accordance with proper legal standards.

For the reasons set forth herein, Ms. Forrest's Motion for Summary Judgment (ECF No. 14) is DENIED and Defendant's Motion for Summary Judgment (ECF No. 16) is GRANTED. The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge